In re Gary Rufus HOWARD, Debtor.

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Plaintiff,

v.

Gary Rufus HOWARD, Defendant.

Bankruptcy No. 94–30887.
Adv. No. 94–3–139.

United States Bankruptcy Court, S.D. Ohio, Western Division.

March 19, 1996.

Larry G. Crowell, Englewood, Ohio, for State Automobile Mutual Insurance Company.

H. Steven Hobbs, Lewisburg, Ohio, for Defendant/Debtor, Ruschau, Lehman & Hobbs.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 11)

WILLIAM A. CLARK, Chief Judge.

This matter is before the court upon a motion for summary judgment filed by the

plaintiff. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### PROCEDURAL POSTURE AND EVIDENTIARY RULINGS

Plaintiff State Automobile Mutual Insurance Co. filed a complaint against debtor Gary Rufus Howard alleging that the debtor is liable to it for damages caused by the debtor's unlawful operation of a motor vehicle while intoxicated and that such debt is nondischargeable under § 523(a)(9) of the Bankruptcy Code. Following the filing of defendant's answer, plaintiff filed its motion for summary judgment (Doc. # 11) and attached the following exhibits:

A— Automobile Loss Notice

B— Ohio Traffic Crash Report

C— Statement of Facts (signed by Sgt. Short)

D— Photographs of a Motor Vehicle

E— Salvage Certificate of Title

F— Total Loss and Salvage Report

G— Rehabilitation Medicine Discharge Summary from Edwin Shaw Hospital

H— Schedule of Expenses for Mary Carroll

I— Schedule of Expenses for Thomas Carroll

J— Checks to Mary Carroll and Thomas J. Carroll

Checks to Ray Murphy and Yolanda Murphy

K— Underinsured Motorist Coverage Release—Assignment and Trust Agreement

L— Personal Auto Policy Medical Payments—Proof of Claim and Subrogation Receipt

M— Copy of Complaint filed by Plaintiff in State Court

N— Traffic Ticket

O— Traffic Docket Entry from Eaton Municipal Court

P— Ohio State Highway Patrol—Impaired Driver Report

Q— Notification of Refusal or Agreement to Submit to a Chemical Test for Driving While Under the Influence of Alcohol and/or Drugs of Abuse

R— Arresting Officer—Pretrial Suspension Affidavit

S— Consent Form for the Collection of Blood and/or Urine for Drug and/or Alcohol Content

T— Property Control Form—State Highway Patrol

U— Report from Crime Laboratory of State Highway Patrol

In its motion for summary judgment, plaintiff attempted to authenticate all of these items by use of an affidavit filed by plaintiff's counsel. At a hearing on plaintiff's motion for summary judgment, defendant objected to use of these items of purported evidence because of a lack of proper authentication. Fed.R.Civ.P. 56(e) requires that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Nothing in plaintiff's moving papers demonstrate that plaintiff's counsel has the personal knowledge and competency to testify in this adversary proceeding as required by Rule 56(d). As a result, in ruling upon plaintiff's motion for summary judgment, the court has not considered items A–U except to the extent, as described *infra*, that some of the items were resubmitted by the plaintiff.

Following a hearing on plaintiff's motion for summary judgment, plaintiff submitted the following affidavit from the Custodian of Records for the Ohio State Highway Patrol:

1. I am the Custodian of the Records of the Ohio State Patrol.

2. The documents attached hereto were prepared by an employee of the Ohio State Patrol in the ordinary course of his or her lawful duties and relate to matters observed pursuant to duty imposed by law as to which matters there was a duty to report and/or set forth

factual findings resulting from an investigation made pursuant to authority granted by law.

3. Each of the attached documents is a true and accurate copy of the original which is maintained on file in my office and under my supervision. Traffic crash report # 68–598–68. Dated 9/13/92.

Doc. # 16.

■ Attached to the affidavit are an Ohio Traffic Crash Report, Property Control Forms, reports of the Crime Laboratory of the Ohio State Highway Patrol, and four Ohio Traffic Crash Witness Statements. "Although Federal Rule of Evidence 802 generally prohibits the introduction of hearsay testimony in the federal courts, Rule 803 lists 24 categories of evidence that 'are not excluded by the hearsay rule, even though the declarant is available as a witness.'" *Miller v. Field,* 35 F.3d 1088, 1090 (6th Cir.1994).

With respect to "Public Records and Reports," Rule 803 permits the following into evidence:

(8) **Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed.R.Evid. 803(8).

■ "Justification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." *Notes of Advisory Committee on 1972 Proposed Rules.* Police reports, however, "have generally been excluded except to the extent to which they incorporate firsthand observations· of the officer." *Id.*

[A statement of a third party] is plainly not admissible merely because contained in a police report. "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted *but that statements made by third persons under no business duty to report may not.*" (citation omitted)

Such a result appears eminently reasonable in light of the stated justification for the Rule 803(8)(C) exception to the general prohibition on receipt of hearsay evidence. While a court may presume that a *preparer of a report,* under a duty to relate information, will perform the task required and formulate justified conclusions and reasonable opinions based on evidence *actually observed by the preparer,* no such presumption arises when the preparer relies on potentially untrustworthy hearsay evidence from another individual under no duty to provide unbiased information.

*Miller v. Field, supra,* 35 F.3d at 1091–1092.

■ Therefore, in the instant matter, the court finds that the four traffic crash witness statements are not admissible under Rule 803(8) for the purpose of establishing the facts underlying plaintiff's motion for summary judgment. All other documents attached to the affidavit of the Custodian of Records for the Ohio state Highway Patrol are records, reports, or statements of public offices or agencies, and set forth either "matters observed pursuant to duty imposed by law as to which there is a duty to report" or "factual findings resulting from an investigation made pursuant to authority granted by law." The reports and records of these public officials are presumed admissible, and the burden is upon the opponent to demonstrate that the reports and records are inadmissible because their sources of information or other circumstances indicate a lack of trustworthiness. *Baker v. Elcona Homes Corp.,* 588 F.2d 551, 558 (6th Cir.1978). In this case, the defendant has not met his burden.

■ Although the court is not excluding the report of the crime laboratory with regard to the defendant's blood/alcohol level on the ground that it represents inadmissible

hearsay, its admission does entail special evidentiary problems and is considered *infra.*

Plaintiff has also submitted an affidavit of the Custodian of the Records of McCullough–Hyde Memorial Hospital which states that:

2. The documents attached hereto were made at or near the time by, or from information transmitted by, an employee of McCullough–Hyde Memorial Hospital with knowledge, were kept in the course of regularly conducted business activities of the Hospital, and it is the regular practice of the Hospital to prepare and maintain such documents.

3. Each of the attached documents is a true and accurate copy of the original which is maintained on file in my office and under my supervision.

Attached to the affidavit is a copy of a consent form for alcohol or drug content analysis. The court finds that the form is a record of regularly conducted activity and admissible under Fed.R.Evid. 803(6).[1]

## *UNDISPUTED AND DISPUTED FACTS*

The following affidavit of Yolonda Murphy has been submitted to the court, and with the exception of one critical statement of fact, appears uncontroverted by the defendant:

The undersigned Affiant, having been first duly cautioned and sworn according to law, deposes and states the following:

1. She currently resides at, and on September 18, 1992, resided at, 7583 South U.S. 127, Camden, Ohio 45311.

2. On September 18, 1992, she observed the commencement of the 11:00 o'clock p.m. television news broadcast while at the residence of her father, Charles Hoover, who resides at 98 North Second Street, Camden, Ohio 45311.

3. Shortly after the commencement of said 11:00 o'clock p.m. television news broadcast, her husband, Raymond E. Mur-

phy, picked her up in his automobile and proceeded to drive the approximately one-half mile distance from her father's residence as aforesaid to her own residence located at 7583 South U.S. 127, Camden, Ohio 45311.

4. While stopped in the Northbound lane of U.S. 127 waiting for oncoming traffic to clear preparatory to turning left into her own driveway, the automobile which she occupied as a passenger was rearended by a motor vehicle operated by Gary Rufus Howard.

5. Within approximately Seven (7) minutes after said impact, the Camden Fire Department and Rescue Squad arrived at the scene and the Ohio State Highway Patrol arrived within approximately Ten (10) minutes after the Rescue Squad.

6. Said motor vehicle accident occurred at approximately 11:05 o'clock p.m., and, in any event, did not occur prior to 11:00 o'clock p.m. on September 18, 1992.

Doc. # 22.

Defendant has submitted his affidavit which raises an issue as to the time the automobile accident occurred:

Now comes Gary Rufus Howard, after being duly cautioned and sworn, and states as follows:

1. That he is the Defendant in this matter and was the operator of a certain automobile, namely a 1989 Isuzu Pickup Truck, on or about September 18, 1992, on U.S. Highway 127 in Preble County, Ohio.

2. That at approximately 10:30 PM, but in any event absolutely no later than 10:40 PM, the affiant and his motor vehicle were involved in a traffic crash.

3. That the Affiant submitted to an alcohol test at approximately 12:47 AM on September 19, 1995, while at McCullough–Hyde Hospital in Oxford, Ohio.

---

1. The following is not excluded by the hearsay rule:

 (6) **Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Fed.R.Evid. 803(6).

4. That to the best of affiant's belief the cause for the delay was due to the delay in someone discovering the crash (the area of the crash site is rural), calling 911 (The Preble County Sheriff, who in turn dispatched the ambulance and thereafter notified the State Highway Patrol as to the crash), the time spent honoring the Highway Patrol Trooper's request for information at the scene, the rescue squad's assessment, treatment and packaging at the scene, and subsequent transport to the hospital.

Doc. # 18.

## CONCLUSIONS OF LAW

Section 523(a)(9) of the Bankruptcy Code provides that an individual debtor is not discharged from any debt—

for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

11 U.S.C. § 523(a)(9).

Rule 56 of the Federal Rules of Civil Procedure, which governs motions for summary judgment, states in part that:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

 "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986). The threshold inquiry is determining "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.,* 477 U.S. at 250, 106 S.Ct. at 2511.

 Here, one affiant states that the subject automobile accident occurred at 11:05 P.M. while the other affiant states that the accident occurred no later than 10:40 P.M. By merely examining these two affidavits, the court is unable, of course, to determine which affiant is correct. As a result, there is a genuine issue as to a fact in this case, and this fact is material because of its impact on the manner in which the court will determine whether the defendant operated a motor vehicle unlawfully under the laws of Ohio because of intoxication by alcohol.

On the date that the defendant struck the automobile in which Yolonda Murphy was a passenger, § 4511.19 of the Ohio Revised Code read, in pertinent part, as follows:

**§ 4511.19 Driving while under the influence of alcohol or drugs or with certain concentration of alcohol in bodily substances; chemical analysis.**

(A) No person shall operate any vehicle ... within this state, if any of the following apply:

(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

(2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;

(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;

(4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine.

. . . .

(D) In any criminal prosecution for a violation of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation.

For this court to ascertain whether the debtor was operating a motor vehicle *unlawfully* because he was intoxicated from using alcohol, the court must determine whether the debtor violated the provisions of Ohio Rev.Code § 4511.19(A).

In Ohio, a driver may be found to have violated § 4511.19(A) if he either operated a motor vehicle while *under the influence of alcohol* (§ 4511.19(A)(1)) or drove with a proscribed level of alcohol content in his blood, breath, or urine (§ 4511.19(A)(2), (3) or (4)). The latter category represents *per se* offenses and "define 'the point the legislature has determined an individual cannot drive without posing a substantial danger, not only to himself, but to others.'" *City of Newark v. Lucas,* 40 Ohio St.3d 100, 103, 532 N.E.2d 130, 133 (1988) (citation omitted).

> In determining whether one of these *per se* offenses was committed by the defendant, the trier of fact is not required to find that the defendant operated a vehicle while under the influence of alcohol or drugs, but only that the defendant operated a vehicle within the state and that the defendant's chemical test reading was at the proscribed level. The critical issue at trial is the accuracy of the test, not the behavior of the accused.
>
> . . . .
>
> ... [The] legislative bodies have determined that if the amount of alcohol concentration in the driver's bodily substance exceeds the proscribed amount as shown by a properly administered test given within two hours of the alleged violation, then a *per se* offense has been committed. Admission of the chemical analysis of bodily substances withdrawn beyond the two-hour limit into evidence in prosecutions for violations of these sections would defeat that legislative intent and produce confusing, unreliable and inconsistent verdicts.

*Id.* at 103–104, 532 N.E.2d at 133–134.

As a result, the Supreme Court of Ohio has held that:

> In a criminal prosecution for violation of R.C. 4511.19(A)(2), (3) or (4), or of a mu-

nicipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, the results of a properly administered bodily substances test may be admitted in evidence only if the bodily substance is withdrawn within two hours of the time of the alleged violation.

*Id.* at 100, 532 N.E.2d at 131.

If, however, a bodily substance test is administered later than two hours after the alleged violation, the test is not thereby excluded—for all purposes—from being considered as evidence by Ohio trial courts. In prosecutions for *driving under the influence* under Ohio Rev.Code § 4511.19(A)(1),

> the amount of alcohol found as a result of the chemical testing of bodily substances is only of secondary interest.... The defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle is at issue in the prosecution of a defendant under such section. It is the behavior of the defendant which is the crucial issue. The accuracy of the test is not the critical issue as it is in prosecutions for *per se* violations.... [N]o presumptive weight can be given to the test results ... The test results, if probative, are merely considered in addition to all other evidence of impaired driving in a prosecution for this offense.

*City of Newark v. Lucas, supra,* 40 Ohio St.3d at 104, 532 N.E.2d at 134.

On this basis, then, the Supreme Court of Ohio has held that:

> In a criminal prosecution for violation of R.C. 4511.19(A)(1), or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the results of a properly administered bodily substances test presented with expert testimony may be admitted in evidence despite the fact that the bodily substance was withdrawn more than two hours from the time of the alleged violation.[2]

*Id.* at 100, 532 N.E.2d at 131.

In the instant case, then, it is clear that the time of the accident is critical in deter-

**2.** "However, in introducing such results, expert testimony ... would be necessary to relate the test results to the defendant and to the time of

mining which portion of Ohio Revised Code § 4511.19 is relevant as well as the evidence required to prove defendant's unlawful operation of a motor vehicle; therefore, the time of the accident is a material issue in this adversary proceeding, and, as stated above, is in dispute.

In addition, the court notes that there is currently no evidence before the court regarding the issue of damages.

For the foregoing reasons, the court finds that the plaintiff is not entitled to a summary disposition of the case, and it is hereby ORDERED that plaintiff's motion for summary judgment is DENIED. It is ordered that a pre-trial conference be held on **Wednesday, April 10, 1996, at 1:30 P.M.** to schedule further proceedings.

the alleged violation, as well as to relate the numerical figure representing a percentage of alcohol by weight in the bodily substance, as shown by the results of the chemical test, to the common understanding of what it is to be under the influence of alcohol." *City of Newark v. Lucas, supra,* 40 Ohio St.3d at 104–105, 532 N.E.2d at 134.